**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30037 |
| Plaintiff-Appellee, | D.C. No. 9:14-cr-00035-DLC |
| v. | |
| JOSEPH STEPHEN STARK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Joseph Stephen Stark appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Stark contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. We review for clear error the district court's factual determination that a defendant is not a minor participant. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). Approximately seven months after Stark was sentenced, the United States Sentencing Commission amended the commentary to section 3B1.2(b). *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). We are satisfied that the district court's stated rationale for rejecting Stark's request for a reduction remains adequate under the revised commentary, which applies retroactively. *See id.* at 522-23. In light of the totality of the circumstances, the district court did not clearly err in determining that Stark failed to prove that he was entitled to the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Cantrell*, 433 F.3d at 1282-83.

Stark next contends that the district court procedurally erred by failing to consider an alleged disparity between his sentence and that of his co-defendant. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the 18 U.S.C. § 3553(a) factors, including the need to avoid unwarranted sentencing disparities. *See United States v. Carty*, 520 F.3d 984, 992

(9th Cir. 2008) (en banc).

Stark next contends that the sentence is substantively unreasonable in light of the alleged sentencing disparity.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The disparity between Stark's sentence and that of his co-defendant is not unwarranted because they were not similarly situated.  *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009).  The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**